## Deboe's Administrator v. West Kentucky Coal Company, et al.

.(Decided October 22, 1926.)

### Appeal from Webster Circuit Court.

1. Master and Servant—Employer Not Operating Under Workmen's Compensation Act is Not Liable for Employee's Injury, in Absence of Negligence (Workmen's Compensation Act).—Where employer does not operate under Workmen's Compensation Act (Kentucky Statutes, sections 4880-4987), although he cannot rely on negligence or assumption of risk by employee or fellow servant's negligence, some negligence on employer's part must be shown in suit for employee's death.

2. Master and Servant—Evidence Held Insufficient to Show Negligence of Employer of Hoisting Engineer, Electrocuted when he Climbed on Transformer.—Deceased was hoisting engineer in coal mine, unskilled in use of electricity. Electric power was interrupted, and employer sent him to see electric company's men to find out what was wrong. Men were not at transformer, and he climbed on transformer to do something; and was killed. Employer was not operating under Workmen's Compensation Act (Kentucky Statutes, sections 4880-4987). In action for employee's death, evidence held insufficient to show any negligence on employer's part.

HENSON & TAYLOR for appellant.

RAYBURN & WITHERS for appellees. · ·

OPINION OF THE COURT BY COMMISSIONER DRURY—
Affirming.

C. A. Deboe, as administrator of Charles Ray Deboe, sued the West Kentucky Coal Company and Richard Gregory, its mine foreman, for $25,000.00 for the death of his intestate. At the conclusion of the plaintiff's evidence, the court instructed the jury peremptorily to find for defendants. The plaintiff has appealed. Charles Ray Deboe was killed on February 23, 1925, while in the employment of the West Kentucky Coal Company. About a mile and a half from the West Kentucky Coal Company's mine No. 10 there is maintained by the Kentucky Utilities Company a transformer by means of which the voltage is reduced from 33,000 to 2,300, and at this reduced voltage it is then transmitted to and is used by the West Kentucky Coal Company. Young Deboe was hoisting engineer at the mine at that time, and it is

claimed that he was unskilled in the use of electricity. There had been some interruption in the supply of electric current and notice thereof had been given to the Kentucky Utilities Company. That company sent some workmen to locate the trouble and make the needed repairs. They found the trouble to be in the high tension line beyond this transformer, and in order to make the repairs these workmen went to a switch which was located still farther from the mines, and opened the switch, thereby cutting off all current from the mine. This occurred about 3:30 in the afternoon. Mr. Gregory said to young Deboe: "Ray, you go over to the transformer and see if you can find those Kentucky Utilities men and find out what is wrong. Probably there is a fuse blown." Young Deboe left, but failed to find the Kentucky Utilities men. The transformer is enclosed by a paling fence about seven feet high, and within this fence there is a structure supported by six poles, fastened together by a framework upon which there is an intricate lot of electric wires, insulators, and other appliances. There is a gate in the fence enclosing this structure, which is kept locked, but the West Kentucky Coal Company has a key to the lock, and Deboe took this key with him when he started out. He had unlocked the gate and had climbed upon this structure and was engaged in doing something thereon, when the employees of the Kentucky Utilities Company, having completed the repairs on the line, closed the switch which they had opened for the purpose of making these repairs. Deboe, finding there was no current coming through the transformer, as it makes a humming sound when current is passing, had, doubtlessly, concluded there was no danger in climbing upon the structure and probably felt that he was perfectly safe in doing so. He was probably in contact with some of these wires when this switch was closed and the current turned on again. The plaintiff alleged facts showing that the West Kentucky Coal Company came within the provisions of the Workmen's Compensation Act, and that it had not at the time of the injury complained of accepted the terms of the act, and was not operating under it; thus it cannot rely upon any contributory negligence of the deceased or any negligence of any of his fellow servants, nor can it rely upon any assumption of risk on the part of deceased. However,

before any recovery can be had against either of these defendants, some negligence on their part must be shown, and we have carefully examined the record and are unable to find anywhere anything that was done or omitted to be done by the defendants that contributed to this young man's death. The record shows he was sent to do one thing and that he did another, in the course of which he lost his life, which is much to be regretted, but for which we are unable to see how either of the defendants was in any manner responsible. There was some evidence that young Deboe had on previous occasions been sent by Gregory to make minor repairs on this transformer. No witness claims, however, he was directed to make any repairs on this occasion. That does not establish negligence. Defendants may have known on such former occasions that there was no current passing through the transformer and that it was perfectly safe to work on it. This time they did not know and instead of sending him to make repairs they sent him to the men who should know, to find out what was wrong. Sent to do one thing in which there was no danger, he was killed while doing something else, which he had not been directed to do.

The judgment is affirmed.