## Gibraltar Coal Mining Company v. Collins.

(Decided March 6, 1931.)

766

EVANS & SANDIDGE for appellant.

W. O. SMITH for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an appeal from a judgment awarding appellee $600 damages for personal injuries. The chief ground relied on by appellant for a reversal of the judgment is that the trial court erred in overruling its motion for a peremptory instruction.

The facts are these: Appellant operated a coal mine in Muhlenberg county, and appellee, J. M. Collins, a man with 35 years' experience as a coal miner, was in its employ as a coal loader. One set of men, known as drillers, drills and shoots the coal, and the loaders take down the coal after it has been shot and load it into mine cars. Appellee was a loader in No. 4 room, third north entry, and on February 5, 1929, went to his room to load the coal which had been drilled and shot. He was of the opinion that the roof was dangerous, and he sent for a timber man to prop it. James Cundiff, a timber man, placed three props under the roof to the left of the track which was in the center of the room. These three props were placed by the timber man 6 feet from the face of the coal, according to him, and 4½ feet from the face of the coal, according to appellee. On top of each prop was what is known as a skull cap, a piece of timber about 3 feet long. This piece of timber was placed immediately under the roof, and the prop was placed under it in the center. These props were placed under the roof for the

purpose of preventing the slate from falling. After the timberman had placed these props under the roof, he moved across the track for the purpose of propping the roof on that side of the room. Appellee went to work in that part of the room where the props had been placed, and, after he had been engaged for a few minutes in loading coal, the coal which had been loosened, but was still standing, fell. He jumped back to escape from the falling coal, but struck one of the props that had just been placed under the roof, and a large block of coal struck his leg and broke his ankle. Upon the theory that the props had been placed too close to each other and that the room was thus rendered an unsafe place in which to work, he brought this action.

It is conceded that three props were necessary, but it is appellee's theory that a single crossbar should have been used instead of three skull caps; that, if a crossbar had been used, the props could have been placed farther apart and there would have been more space between the props through which he could have escaped from the falling coal. When asked what the distance was between the props, appellee said: "Two and a half feet, I suppose." Immediately after the accident, measurements were taken, and the distance between the props was found to be 3 feet and 9 inches. Appellee conceded that the proper and customary distance between the props was 3½ to 4 feet. It was also shown that the customary method of propping the roof of a mine is by props with skull caps. Where the roof is unusually heavy, crossbars are used.

Appellee's sole contention is that the room in which he was working was rendered unsafe by reason of the props being placed so near to each other that he was not afforded a reasonable space through which to escape when the coal fell. Had a cross-bar been used instead of skull caps, the props would have been placed little, if any, farther apart than they were when appellee was injured, and it is not shown that one of them might not have been placed at the exact point where the prop was standing with which he collided.

It was not the duty of appellee to prop the roof, but that duty devolved upon the appellant, and the safe place doctrine applies. However, the evidence fails to show that the props were not properly placed or that appellee's injuries resulted from any negligence on the part of appellant or its servants. Appellant had not elected to operate under the Workmen's Compensation

768

Act, though coming within its provisions, and the defenses of contributory negligence and assumed risk were not available. Section 4960, Kentucky Statutes, Kelly & Shields v. Miller, 236 Ky. 698, 33 S. W. (2d) 662. It is still necessary, however, to show that appellee's injuries were due to some act of negligence on the part of appellant. Deboe's Adm'r v. West Kentucky Coal Company, 216 Ky. 198, 287 S. W. 568. The evidence fails to establish any negligence on the part of appellant or of its servants that contributed to appellee's injuries, and its motion for a peremptory instruction should have been sustained.

Wherefore the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.