# Ray v. United Elkhorn Coal Company.

(Decided June 7, 1932.)

J. H. ADKINS for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment sustaining a demurrer to, and dismissing, the petition as amended.

Briefly stated, the facts pleaded in the original petition are these: Though employing more than five men, the defendant, United Elkhorn Coal Company, had not accepted the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). On August 14, 1930, and prior thereto, plaintiff was engaged by the defendant for the purpose of loading and mining coal. While lifting and raising large lumps of coal under the direction of defendant's agents, who were superior to him in authority, and placing them upon the coal car which was furnished him by the defendant, he was strained by the lifting and suffered a hernia. The said injury was caused by the defendant's failing to furnish plaintiff with the necessary amount of cars to carry from the mines the coal that was being produced by the miners. The defendant's agents, superior in authority, advised plaintiff to place around the outer edge of the car which he was loading large lumps of coal, and to heap them up several feet above the top of the cars in order that they might place the smaller lumps of coal on the inside of the large lumps. By the lifting of these large lumps as directed by the defend-

ant's agents, superior in authority to him, the injury was received. The defendant and its agents were negligent in failing to supply a sufficient number of cars to do the work in which plaintiff was then and there engaged.

The amended petition, after reiterating the allegations of the original petition, contains the following averments: While plaintiff was engaged in the loading of the said coal, defendant and its agents, superior in authority to him, negligently and carelessly caused plaintiff to load lumps of coal on the sides of the car which was furnished to him by defendant company, and while lifting one of these large lumps of coal plaintiff was injured in and about his groin. The injury to plaintiff could not and would not have occurred had the defendant company furnished plaintiff with the necessary cars upon which to load the said coal. The defendants negligently and carelessly failed to furnish the necessary cars, which was the custom to do, and failed to furnish plaintiff a safe place to work, or the necessary cars on which to load the said coal. The defendants well knew and could have known by the exercise of ordinary care that plaintiff would receive injury from the loading of heavy lumps of coal which was directed to be done by the defendant's agents and employees, superior in authority to him. The defendant at the said time and place negligently failed to supply a sufficient number of men to do the work and to lift the coal which was being lifted by plaintiff. At the time defendant's agent and employee superior in authority instructed plaintiff to perform the work of loading heavy lumps of coal and placing them high above the car bed he knew of the unsafe conditions and the unsafe manner in which they load said coal. This coal was being loaded out of the ordinary and usual manner of loading coal by heaping large lumps of coal around the edge of the said car where plaintiff was injured. Plaintiff was inexperienced in the mines, and in the manner in which cars are usually loaded in the mines. The injury would not and could not have occurred had the defendants furnished the plaintiff with the necessary cars to load the coal in the usual manner of loading coal in like mines.

Though the coal company's election not to operate under the Workmen's Compensation Act deprived it of the defenses of contributory negligence and assumption

of risk, it was essential to a recovery that plaintiff allege facts showing some act of negligence on the part of the company that caused his injury. Deboe's Admr. v. West Kentucky Coal Co., 216 Ky. 198, 287 S. W. 568. This is not a case where the injured servant, after protesting that it was too heavy, was directed by his superior to lift by himself or in conjunction with others a very heavy object, as was the situation in Louisville & N. R. Co. v. Mahan (Ky.), 113 S. W. 886, and I. C. R. Co. v. Langan, 116 Ky. 318, 76 S. W. 32. The case is merely one where Ray was engaged in the simple task of lifting lumps of coal and placing them on the coal car. Though it is alleged that defendant well knew and could have known by the exercise of ordinary care that plaintiff would receive the injury, no facts are alleged on which to base such actual or constructive knowledge. It was not averred that plaintiff was so small, weak, or infirm that he was not equal to the task of lifting a lump of coal, or that he was specifically directed to lift a lump of coal too heavy for the strength of an ordinary laborer. In the absence of such allegation, or other allegations of similar import, it is at once apparent that there is no basis for the conclusion that defendant's agents, superior in authority to plaintiff, either knew, or could have known by the exercise of ordinary care, that plaintiff would receive an injury from the loading of the coal. Nor is the case strengthened in the least by the allegation that defendant was negligent in failing to furnish the necessary cars in which to load the coal. Conceding, as we must, that plaintiff was injured by lifting large lumps of coal, it is not perceived how the failure to supply more cars could have contributed in the least to his injury. The allegation that the defendant failed to supply a sufficient number of men to lift the coal is insufficient for the same reason. Plaintiff was not engaged with others in lifting the same lumps of coal. On the contrary, each man was doing his own lifting, and, even if there had been twice the number of men engaged in the work, it would not have decreased the weight of the coal which plaintiff was lifting, or have rendered less difficult the task in which he was engaged. Even less persuasive is the allegation that the defendant failed to furnish plaintiff a safe place in which to work. Plaintiff's injury was due solely to the strain from lifting, and no facts are alleged showing that his place of work was dangerous, or that such condition contributed in the least to the accident. In short, no

breach of duty resulting in the injury is alleged. It is true that nonliability of the master to a servant who is injured by overtaxing his strength is generally predicated on assumption of risk. Sandy Valley & E. R. Co. v. Tackitt, 167 Ky. 756, 181 S. W. 349, L. R. A. 1916D, 445, but equally fatal to a recovery is the failure of the petition to allege facts showing that the injury was due to some fault on the part of the master. It follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.