## Brooks v. Arnett.

(Decided March 23, 1934.)

492

J. B. JOHNSON for appellant.

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Harrison Brooks brought this action in the Whitley circuit court against O. V. Arnett to recover damages for personal injuries received by him while working for Arnett. At the conclusion of the plaintiff's testimony the trial court sustained a motion for a directed verdict in favor of the defendant, and the plaintiff appeals.

The injury of which plaintiff complains was received in October, 1932, while he was employed by Arnett, who was engaged in the construction of a road in Whitley county. Plaintiff was employed to operate a jack hammer and worked at night. A jack hammer is operated by compressed air, weighs sixty or sixty-five pounds, and the operator is required to lift it and place it on a bit which slips into a groove in the hammer. The plaintiff was drilling holes for the purpose of blasting when he was injured and had finished drilling a hole two feet deep with a short bit. The hole was to be six feet deep and it was necessary for him to change bits. The bits are graduated in length and, after using a bit two feet in length, a bit four feet in length is ordinarily used; but on the occasion in question plaintiff was unable to locate such a bit and placed one six feet in length in the hole which had been drilled to a depth of two feet. While attempting to place the jack hammer on the bit, his hand struck the bit and was slightly bruised and skinned. The injury did not appear to be serious and he continued to work for several days. His hand became infected and he was treated for several weeks by Dr. E. S. Moss. He brought this action against Arnett on the theory that the latter was negligent in failing to furnish him with a reasonably safe place in

which to work and to furnish him with reasonably safe tools and appliances. Arnett was not under the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), although eligible to work under it, and because of his failure to operate under that act he is deprived of the common-law defenses of assumed risk and contributory negligence.

It is argued that the place was unsafe by reason of the defendant's failure to furnish proper lights. The place where the work was being performed was in the country and electric power was not available. The light was provided by a torch which was placed about ten or fifteen feet from the point where plaintiff was working. He testified that it did not furnish sufficient light for him to see the groove in the jack hammer into which the bit was supposed to slip, and that if proper lights had been furnished the accident would not have occurred. This, of course, was a conclusion of the witness, but, according to his own testimony, he sometimes located the torch or moved it so as to light the field of work. When he discovered that he could not see the groove in the jack hammer, he could easily have moved the torch to another location. There were other workmen nearby, but it is not shown that the torch could not have been moved without interfering with their work. It is not claimed that the jack hammer was out of repair or defective, but it is argued that he should have been furnished a bit four feet in length and that because he was compelled to use a bit six or seven feet in length the work was rendered hazardous. Whether or not the failure of the employer to provide a bit four feet in length caused the accident is mere speculation.

It is a firmly established rule that the master must exercise ordinary care to furnish his servant with reasonably safe instrumentalities with which to work and to exercise ordinary care to furnish a reasonably safe place wherein the servant must work. The place furnished must be reasonably safe under the circumstances. Where the plaintiff relies upon defective tools or instrumentalities or upon the failure of his employer to furnish him a reasonably safe place in which to work, he must allege and prove a knowledge of the danger by the defendant and want of such knowledge of danger by himself. Ray v. United Elkhorn Coal Co., 244 Ky. 417, 51 S. W. (2d) 248; Gibraltar Coal Mining Co. v. Nalley,

214 Ky. 431, 283 S. W. 416. The plaintiff in his proof failed to bring himself within this rule.

It is also insisted that it was the duty of the defendant to furnish plaintiff with help to enable him to operate the jack hammer and that he failed in this duty; but, according to the plaintiff's own testimony, a jack hammer is constructed to be operated by one person and is ordinarily so operated. It is not shown how the accident could have been avoided by the presence and help of other workmen. Though the defendant's failure to elect to operate under the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.) deprived him of the defenses of contributory negligence and assumed risk, it was still necessary to show that plaintiff's injuries were due to some act of negligence on the part of the defendant. The burden was on Brooks to establish at least a prima facie case of negligence of the defendant to entitle him to have the issue submitted to the jury. Gibraltar Coal Mining Co. v. Collins, 237 Ky. 765, 36 S. W. (2d) 372. The plaintiff was the sole witness as to how the accident occurred, and he testified to no facts from which the inference could be drawn that any negligence of the defendant contributed to his injury.

The trial court properly sustained the defendant's motion for a directed verdict in his favor, and the judgment is affirmed.