## Christopher's Administrator v. Blanton Stone Company, Inc.

(Decided March 22, 1935.)

BEN T. QUINN, for appellant.

POLK SOUTH, Jr., and J. C. JONES for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

A demurrer was sustained to the appellant's petition seeking to recover $10,000 for the death of his intestate, he did not amend, his petition was dismissed, and he has appealed.

## The Petition.

Appellant alleges he is the administrator of Otto Christopher, and defendant is a Kentucky corporation engaged in the operation of a rock quarry and stone crusher in Franklin County, Ky.; that in the year 1929, Otto Christopher, then a young and ignorant but healthy man, was employed by the defendant and put to work at defendant's plant and continued to work thereat until about August, 1930; that while so employed Christopher was required to and did work at said plant, which was not a safe place to work, and, while attending to his work and duties for defendant, Christopher did inhale dust and small particles of limestone rock through his mouth and nose and into his lungs in such quantities as to fill his lungs with dust and small particles of limestone to such an extent as to compel Christopher about August 1, 1930, to quit work, to suffer great and excruciating pains, and, finally, on October 6, 1930, to die as a result thereof.

Plaintiff alleged that the harmful and deadly effect of the inhalation of this dust and small particles of limestone rock was unknown to Christopher, but was known to the defendant, and its agents, and servants superior in authority to Christopher, or they could have known thereof by the exercise of ordinary care, and that the defendant negligently and carelessly compelled him to work in the dust and small particles of limestone rock, and did not furnish him with a mask to go over his mouth and nose in order that he might not inhale this dust and small particles of limestone rock.

### Was This Petition Defective?

It is argued the petition was defective, in that it did not allege that by the exercise of ordinary care Christopher could not have learned of the danger to his health in working at this plant. In support of this the stone company cites Wilson v. Chess & Wymond Co., 117 Ky. 567, 78 S. W. 453, 25 Ky. Law Rep. 1655, and Ray v. United Elkhorn Coal Co., 244 Ky. 417, 51 S. W. (2d) 248. We have examined those opinions carefully, but do not find them applicable; but here is one that is directly in point, Louisville & N. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757, 758, where the authorities are collected, and this court said of Stewart's petition:

"He alleged that the defectve condition of the

concrete floor was not known tò him; but failed to allege that by ordinary care he could not have discovered it, or that he had not equal means of knowledge with the defendant, to note the defect; and, because of the failure so to allege, the appellant insists that the court erred in overruling its general demurrer to the petition.

"The rule in this state is that a general allegation of want of knowledge includes constructive and imputed knowledge as well as actual knowledge, and that it is unnecessary to negative specifically assumption of the risk and contributory negligence.".

It is next insisted that dust is inseparable from the conduct of the work the defendant engaged Christopher to do, and that in accepting employment and engaging in this work he, Christopher, assumed the risk as a part of his contract. This argument is based on the maxim "Volenti non fit injuria," but we do not regard that as the applicable maxim, but rather that "Scienti et volenti non fit injuria," which means an injury is not done to one who knows and consents to it. It is alleged in this petition that Christopher did not know and that the stone company did; hence this petiton was not defective in this particular.

The plaintiff does not allege any failure of the master to instruct Christopher, as outlined in 39 C. J. p. 514, sec. 622, 39 C. J. p. 807, sec. 1016, and p. 808, sec. 1017. The only thing whereof the plaintiff complains is that the Blanton Stone Company did not furnish him with a mask to go over his mouth and nose. Our attention is called to no statute imposing such a duty on the stone company. There is no allegation that masks have been tried and found capable of advantageous use or of any use in such work as this, or that any men anywhere have ever used masks in this sort of work.

Plaintiff contends this was work of an extrahazardous nature, and if we admit that is the effect of the allegation in his petition, still that does not mean the stone company may not employ men to do its work. The needs of society may be such that very dangerous work must be undertaken to supply those needs. Men have the right to employ other men to do such work, and if, in the doing of it, a servant is injured, the liability, if

any, of the master, therefor, must be found not in the inherent hazards of the work, but in some negligence of the master in the way he has it done. "An employer is not required to adopt a particular method because it affords greater safety for the employee, but he is required to adopt the usual and customary method employed by ordinarily prudent men in like work under similar circumstances. Where work is extrahazardous, the employer must adopt safe methods to safeguard workmen where such methods are practicable and are customarily used by employers similarly situated." E. J. O'Brien & Co. v. Shelton's Adm'r, 246 Ky. 537, 55 S. W .(2d) 352, 356.

Judgment affirmed.

The whole court sitting.